JUNIUS E. KINGSLEY, Respondent, *v.* JOHN L. MELCHER
AND CHARLES G. STEVENS, as Executors, and MARIETTA
R. STEVENS, as Executrix of the Last Will and Testament
of PARAN STEVENS, Deceased, Appellants.

*Partnership — account stated, forming the basis for a subsequent settlement — when
the settlement cannot be set aside because of error in the account stated.*

Under a written agreement of copartnership certain parties were engaged from
1863 to 1875 in the business of conducting a hotel. Annual statements were
made out and received by the partners showing in separate items, among other
things, the annual expenses for repairs to the furniture and the hotel and the
profits, which latter were from time to time drawn out by the parties in pro-
portion to their respective interests. The interest of one of the partners was
subsequently sold to his copartner, in consideration of which six promissory
notes, representing in the aggregate the purchase-price of this interest, were
given to the outgoing partner on February 1, 1875.

In an action brought by the maker of the notes on July 1, 1882, to open the settle-
ment made on the 1st of February, 1875, it was alleged that in December, 1878,
he for the first time discovered errors or imperfections in the account prior to
1871; that the notes were given under a mutual mistake of all the parties that
the statement of account which formed the basis for the payments was just and
correct, whereas, in fact, such settlement was not correct nor true by reason of
errors in the allowance made in respect to repairs.

In this claim the plaintiff was sustained by the trial court.

*Held,* that as there was no pretense that any fraud was perpetrated in the statement
of the account, that it could not be attacked after the expiration of ten years
from the date (1871) at which it was stated.

That although this action was brought not to open these accounts, but to open the
subsequent settlement made in 1875, such statement of account was conclusive in
this action upon the questions covered by the accounts.

Appeal by the defendants from a judgment, entered in the office of
the clerk of the county of New York on the 22d day of October, 1888,
upon the decision of a referee before whom the action was tried.

The action was brought to open a settlement alleged to have been
made February 1, 1875, in respect to the transfer of the interest of
Paran Stevens, and of the defendants, as his executors, in the part-
nership of J. E. Kingsley & Co., proprietors of the Continental
Hotel, Philadelphia.

*John E. Burrill,* for the appellants.

*Joseph H. Choate,* for the respondent.

VAN BRUNT, P. J.:

Many points were suggested upon the argument and in the points of counsel submitted upon this appeal which it is not necessary now to consider. The facts of the case as they appear from the record, so far as they relate to the point upon which the decision of this appeal is based, seem to be about as follows: In March, 1863, the copartnership of Junius E. Kingsley & Co. was organized for the purpose of conducting the business of the Continental Hotel at Philadelphia. The term of the partnership was to end on the 1st of February, 1872. The plaintiff and one Paran Stevens, the defendant's testator, were members of the firm. There were two other partners whose interests it is not necessary now to notice. By a written agreement made in January, 1871, between the plaintiff and Paran Stevens, provision was made concerning the purchase by the plaintiff from Stevens of three of the ten sixteenths then held by the latter, and for a continuance of the business from the 1st of February, 1871, until the 1st of February, 1875, and for the purchase in February, 1875, of the remaining seven sixteenths, being the entire interest retained by Stevens. This purchase was to be made at the cost valuation on that day to be ascertained and made according to the inventory of said property, and in the same manner as has been heretofore followed or adopted by the said firm. It was further provided, that the annual expenses for repairs to the furniture and the hotel during the four years succeeding the 1st of February, 1871, should not exceed the average of the same expense for the years prior thereto. Stevens died in April, 1872, leaving a last will and testament of which the defendants were the executors, but the business was continued throughout the residue of the prescribed term. The plaintiff was the resident manager and had personal charge of the house and its business, including the supervision of all purchases, receipts and disbursements. The books were kept by bookkeepers acceptable to both parties. Monthly and annual statements were regularly made out and forwarded to Mr. Stevens in his lifetime and to the defendants after his decease. These statements showed, by separate items, the annual expenses for repairs to the furniture and the hotel. The profits shown by these statements were from time to time drawn by the parties or settled for between them in the proportion of their respective interests.

On or about February 1, 1875, the defendants Melcher and Stevens went to the hotel at Philadelphia and there consummated the transfer to the plaintiff of the seven-sixteenths theretofore held by the defendants, and which, by the agreement, were to be then purchased by the plaintiff. The plaintiff gave to the defendants six notes, each for $22,047.33, bearing interest, and aggregating for principal $132,283.98. All of these notes, at the time of the commencement of this action, had been paid except the last, which matured on the 1st of February, 1876, and on which there remains an unpaid principal sum of $7,047.33. The plaintiff claimed that in December, 1878, he for the first time discovered errors or imperfections in the account, and this action was commenced on the 1st of July, 1882, upon the ground that the six notes given for the interest of Stevens in the property assets and business of the partnerships, and the payments thereon were made under a mutual mistake of all parties that the settlement of accounts which formed the basis for the payments were just, correct and true, whereas it was not just, correct and true.

It appeared upon the trial that there was allowed to the defendants under the agreement, in respect to repairs, the sum of $24,000 for seven-sixteenths of the excessive expenses for repairs to the furniture and hotel for the four years succeeding 1871, over the same expenses for the years 1867 to 1871; and it was claimed that the accounts for the four years prior to 1871 were erroneous, in that charges for repairs were not included which should have been included therein. This claim the referee held to be well founded, and his ruling in this respect presents the only question which it is proposed to discuss.

The defendants urged that inaccuracies in the accounts for the four years ending 1st of February, 1871, could not be gone into in an action commenced ten years and more after these accounts had been rendered, after the parties had settled their interests thereunder, and long after the death of one of the parties thereto. The referee, however, held that it was not the accounts rendered prior to February, 1871, which were being opened, but that the settlement which was entered into in 1875 was the subject of investigation.

It was further claimed, upon the part of the defendants, that it was the intention of the parties that the accounts, as rendered for

the four years prior to 1871, were to be the basis upon which the question of repairs was to be determined. The referee, however, held that this claim was not well taken, but that the parties intended not to be governed by the accounts in respect to the repairs for the four years prior to 1871, but by the actual facts, and that, therefore, the plaintiff had a right to show that in the accounts for the four years prior to 1871, items of expense for repairs were not entered which should have been entered, and which, if they had been entered, would have shown that the amount allowed for repairs for the four succeeding years was not greater than that which had been actually expended for the four years prior to 1871.

If it were necessary in the disposition of this case to determine this question, it seems to be very doubtful whether the position of the referee in this respect can be upheld. By the terms of the agreement the purchase was to be at the cost of the valuation on the 1st of February, 1875, to be ascertained and made according to the inventory of said property, and in the same manner as has heretofore been followed or adopted, showing conclusively that the parties had in mind, at the time of entering into this agreement, the practice which had been previously pursued and the condition of the books and accounts as they had previously existed. It then goes on to say that the annual expenses during the four years succeeding the 1st of February, 1871, shall not exceed the average of the same expenses for the years prior thereto. And the parties knew from the accounts which were rendered precisely what the amount of those repairs were as charged in those accounts.

It seems to us that the probability is strongly in favor of the view that they intended to be governed by the books in the entering into that agreement, and the amounts charged in those accounts were to be the basis upon which the excess of expenses for the succeeding four years was to be determined. The point, however, raised, that the accounts rendered between these parties prior to 1871, upon which they had settled their rights and interests for the business conducted during that period having become stated accounts, could not be inquired into in this action, seems to us to be well taken.

It is true that it is claimed upon the part of the plaintiff, that there is no inquiry into these accounts or opening of these accounts, so as to affect their character as an account stated, because all that

is attacked is the validity of the settlement made in 1875. We think, however, that this claim overlooks one of the important features of an account stated. An account stated is an admission made by one party to another that the accounts between them, consisting of the various items which enter into that account, are as there stated, and from the necessities of the law merchant it has become a part of the law that after a lapse of time such an account and such an admission shall be conclusive between the parties, unless impeached because of fraud or mistake in reference to some of the items contained in the account; and by the statute of limitations such an admission becomes absolute between the parties after the lapse of ten years unless tainted by fraud, and even then it becomes conclusive unless attacked within a certain period after the discovery of the fraud.

Now, in the case at bar, there is no pretense that any fraud was perpetrated by Stevens in reference to the accounts from 1867 to 1871. It appears from the evidence in this case that monthly and annual statements were rendered by the plaintiff or his bookkeepers, and that plaintiff and Stevens settled upon the basis of these accounts, and that they contained in detail the items which went to make up the balance, upon the faith of which they settled. And it is a well-established principle that an account stated becomes stated as to all matters properly included in it. It becomes a stated admission in writing to the effect that the account correctly states all the items of account between the parties, and hence it is not only stated as to the balance, but stated as to the items.

Now, when this account became so stated that it could not be impeached upon any other ground except that of fraud, then it attained the same dignity as a judicial decree in respect to that account. If there had been a controversy between Kingsley and Stevens as to the amount of expenses for repairs for the four years prior to 1871, and it had been determined judicially that this admission, contained in these accounts, correctly stated the amount of the repairs, could it for a moment be said that in another proceeding between Kingsley and Stevens, or his representatives, in which the question of these expenditures during this period became a necessary subject of investigation, that such judicial determination would not be conclusive evidence upon that point. Now, if a judicial decree

would be conclusive, it is difficult to say why a stated account, which these parties had no power to impeach or alter or attack, has not attained the same dignity.

This being the position of the parties and these accounts being an admission by the plaintiff to Stevens, which he could not attack as to the amount of these repairs, it seems to us that it was an admission which affected and controlled every negotiation had between Stevens and the plaintiff, which depended upon the amount which had been expended during the four years prior to 1871.

It is true that the action was not brought to open these accounts, but was brought to open this settlement of 1875. But the presentation of this conclusive admission of the plaintiff that, during the four years prior to 1871, the expenses for repairs had been a certain amount, established the case upon the part of the defendant in such a manner that the plaintiff could not attack the same. We think, therefore, that the referee erred in coming to the conclusion that the inaccuracies in this account from 1867 to 1871 could be shown upon this question of repairs. And, in view of the conclusion at which we have arrived as to this point, it is not deemed necessary to consider the other questions which were presented. But it seems to us that the referee having erred in the view which he took of the rights of the parties upon the proofs offered before him, the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.